**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| True Value Company, ) | |
| ) | Civil Action No. 14cv08740 |
| Plaintiff, ) | |
| v. ) | |
| ) | **JURY TRIAL REQUESTED** |
| Pure Nutrients, Inc. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, True Value Company for its Complaint against Defendant, Pure Nutrients, Inc., alleges as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is proper under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121.

2.    Venue is proper in this Court under 28 U.S.C. § 1391(b).

### THE PARTIES

3.    Plaintiff, True Value Company is a Delaware corporation having its principal place of business at 8600 West Bryn Mawr Avenue, Chicago, Illinois 60631-3505 ("True Value").

4.    Defendant Pure Nutrients, Inc. is a corporation organized under the laws of the State of Colorado, with a principal place of business at 4420 Allison Street, Wheat Ridge, Colorado 80030 (hereinafter "Pure Nutrients").

### FACTUAL ALLEGATIONS

5.    True Value is a retailer-owned hardware cooperative with over 5,000 independent retail locations worldwide.  Members of the True Value cooperative own their

individual stores and sell a wide range of hardware and gardening products to millions of consumers. Since at least as early as 1949, True Value and its predecessors in interest have been using the GREEN THUMB mark commercially in connection with gardening tools (e.g., cultivators, vegetation cutters, shovels, spades, trowels, weeders). True Value has expanded its use of the GREEN THUMB brand over the years to include a wide variety of gardening products and equipment, including fertilizers, insecticides, soil conditioners, lawnmowers, seeds, bulbs, watering cans, landscape fabric and sprinklers, among many others ("gardening products and equipment").

6. True Value owns, among others, the following United States Trademark Registrations:

| MARK | REGISTRATION NO. | REGISTRATION DATE |
|---|---|---|
| GREEN THUMB | 581,301 | October 20, 1953 |

| MARK | REGISTRATION NO. | REGISTRATION DATE |
|---|---|---|
| GREEN THUMB | 1,457,989 | September 22, 1987 |
| GREEN THUMB | 3,075,371 | April 4, 2006 |
| GREEN THUMB | 3,068,228 | December 20, 2005 |
| GREEN THUMB | 3,188,216 | December 20, 2005 |

Copies of Registration Certificates from the United States Patent and Trademark Office are attached as Exhibits 1 through 5.

7. U.S. Trademark Registration Nos. 581,301 (GREEN THUMB), 1,457,989 (GREEN THUMB), 3,075,371 (GREEN THUMB), 3,068,228 (GREEN THUMB) and 3,188,216 (GREEN THUMB), among others, are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065. Consequently, the registrations are conclusive evidence of the validity of the registered marks, registration of the marks, True Value's ownership of the marks, and True Value's exclusive right to use the GREEN THUMB mark in commerce under Section 33 of the Lanham Act, 15 U.S.C. § 1115.

8.    True Value has invested a significant amount of money to promote its products under the GREEN THUMB mark.  As a result, True Value's customers across the country use and rely on True Value's products provided under the GREEN THUMB mark.

9.    The GREEN THUMB mark is distinctive as a trademark for True Value's products in the garden retailing industry.

10.    The GREEN THUMB mark is recognized and relied upon as identifying True Value as the sole source of products for consumers, and as distinguishing True Value's products from those of others.  As a result, the GREEN THUMB mark has acquired substantial goodwill and is an extremely valuable commercial asset.

11.    True Value also has common-law rights in the GREEN THUMB mark in Illinois and throughout the United States.

12.    Defendant had constructive notice of True Value's trademark rights in the GREEN THUMB mark at least as early as November 14, 1952, based on True Value's application (filed by its predecessor in interest) to register the GREEN THUMB mark with the United States Patent and Trademark Office.  True Value has also given notice of its registered rights in the GREEN THUMB mark by using the ® symbol in connection with its trademark.

13.    Long after 1952, Defendant began selling gardening products including a product it calls Pure Green Thumb (32oz, 1 Gallon, and 2.5 gallon) which is described as a beneficial foliage spray.  The product is advertised on a website, and upon information and belief, Defendant sells Pure Green Thumb through an extensive distributor network, including Sunlight Supply, Inc. which is listed as an exclusive distributor on Defendants website. See http://www.purenutrient.net/store-locator/ (attached hereto as Exhibit 6 is a

pdf of Defendant's website describing Sunlight Supply, Inc. as an exclusive distributor). Sunlight Supply, Inc. sells Pure Green Thumb to multiple retail locations in and around Chicago Illinois. Examples of Defendant's various uses of the GREEN THUMB mark are attached as Exhibit 7.

14.     Upon information and belief, Defendant has offered retail gardening products under the GREEN THUMB mark and derivatives of that mark in Illinois and in interstate commerce. Defendant also promotes its retail gardening products inter alia via the website http://www.purenutrient.net/products-page/. Defendant prominently displays the mark GREEN THUMB and derivatives of that mark in large letters on product labels and in advertising for its services.



http://www.purenutrient.net/green-thumb/

15.     True Value has been corresponding with Defendant since as early as May 30, 2014 regarding True Value's GREEN THUMB mark.

16.     As a result of this correspondence, Defendant has had actual notice of True Value's superior rights in the GREEN THUMB mark since at least May 30, 2014. Since receiving such notice, Defendant has refused to cease use of its infringing GREEN THUMB mark and derivatives of that mark.

17.     Defendant is aware of the vast and valuable goodwill and reputation represented and symbolized by True Value's GREEN THUMB mark.  Defendant also is aware that True Value's consumers and potential consumers rely upon True Value's GREEN THUMB mark as distinguishing True Value's gardening products and equipment from the products and services of others.

18.     Defendant's use of the GREEN THUMB mark and derivatives of that mark is without the permission, consent, or authority of True Value.

19.     The similarity between the GREEN THUMB mark and Defendant's use of the mark GREEN THUMB and derivatives of that mark is likely to cause confusion.  The marks are highly similar in overall appearance, sound and meaning and are also used as source identifiers for related products and services.  Defendant's use of the highly descriptive, if not generic, term PURE does not significantly alter the overall commercial impression of the mark.  Consumers are likely to be confused by the use of the GREEN THUMB mark and derivatives of that mark on or in connection with gardening products and equipment and retail store services featuring gardening products and equipment.

20.     Defendant's services are advertised and promoted under the GREEN THUMB mark and derivatives of that mark in the same channels of trade as the products under True Value's GREEN THUMB mark.  Defendant and True Value advertise, promote, and offer their products and services to consumers in Illinois and across the United States, including through websites located on the Internet.  True Value's and Defendant's advertising and promotional materials are directed to the same or similar consumers.

21.     Defendant's continued use of the GREEN THUMB mark and derivatives of that mark on its websites, in its advertising and promotional materials, and on product labels is likely to diminish the goodwill associated with True Value's GREEN THUMB mark.

22.     Defendant's products under the GREEN THUMB mark and derivatives of that mark are being provided and/or promoted, and are likely to continue being provided and/or promoted, throughout the same geographic markets as True Value's products and services.  Defendant derives and will continue to derive substantial revenue from its services provided under the GREEN THUMB mark and derivatives of that mark.

23.     Defendants' unauthorized use of the GREEN THUMB mark and derivatives of that mark is likely to cause confusion or mistake or to deceive consumers into believing that Defendant's unauthorized services advertised, promoted, and offered under the GREEN THUMB mark and derivatives of that mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with True Value or that True Value's products offered under the True Value's GREEN THUMB mark are sponsored, licensed or authorized by, or affiliated, connected or otherwise associated with Defendant.

24.     Defendant's continued use of the GREEN THUMB mark and derivatives of that mark is with full knowledge of the prior ownership by True Value of True Value's GREEN THUMB mark and True Value's rights to use and control the use of such mark.

25.     Defendant has acted and continues to act without regard to True Value's property rights and goodwill.

26. As a result of Defendant's unauthorized use of the GREEN THUMB mark and derivatives of that mark, Defendant is being unjustly enriched at True Value's expense, and True Value is being damaged.

27. Defendant's unauthorized use of the GREEN THUMB mark and derivatives of that mark in association with gardening products and or services has significantly injured True Value's interests and will continue to do so unless immediately enjoined. Specifically, Defendant (a) has traded upon and threatens to further trade upon the significant and valuable goodwill in True Value's GREEN THUMB mark; (b) is likely to cause public confusion as to the source, sponsorship or affiliation of Defendant's products and services; (c) has damaged and threatens to further damage True Value's significant and valuable goodwill in its GREEN THUMB mark; (d) has injured and threatens to further injure True Value's right to use its GREEN THUMB mark as the exclusive indicia of origin of True Value's gardening products and equipment throughout the United States; and (e) has lessened the capacity of the GREEN THUMB mark to indicate that its products are sponsored by True Value.

28. Upon information and belief, Defendant will continue unlawfully to use the GREEN THUMB mark to promote and provide its services, unless enjoined by the Court.

29. True Value has no adequate remedy at law.

30. Defendant's acts of infringement and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of True Value's rights. In view of the egregious nature of Defendant's actions, this is an exceptional case within the meaning of Section 35(a) of the U.S. Code.

## CLAIM 1
## <u>FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114 *ET SEQ.*)</u>

31.     True Value repeats the allegations of paragraphs 1-30 of this Complaint as if fully set forth herein.

32.     The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship or approval and therefore constitute federal trademark infringement in violation of 15 U.S.C. § 1114(1).  By reason of Defendant's bad faith and willful infringement, True Value is entitled to recover actual damages, treble damages, an accounting for Defendant's profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## CLAIM 2
## <u>FEDERAL UNFAIR COMPETITION/FALSE ADVERTISING (15 U.S.C. § 1125(A))</u>

33.     True Value repeats the allegations of paragraphs 1-32 of this Complaint as if fully set forth herein.

34.     The acts of Defendant complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  True Value is entitled to recover actual and treble damages, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## CLAIM 3
## <u>TRADEMARK INFRINGEMENT (UNDER ILLINOIS COMMON LAW)</u>

35.     True Value repeats the allegations of paragraphs 1-34 of this Complaint as if fully set forth herein.

36.     Defendant has violated and infringed True Value's trademark rights in the GREEN THUMB mark, and has engaged in unlawful, unfair and fraudulent business practices and unfair, deceptive, untrue and misleading advertising and marking in violation

of the common law of Illinois.  Defendant's conduct as alleged herein is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, whereby they would be led to mistakenly believe that Defendant is affiliated with, related to, sponsored by, or connected with True Value, in violation of the common law of the state of Illinois.

37.    As a result of Defendant's Conduct, Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to True Value

38.    True Value has no adequate remedy at law.

### CLAIM 4
### UNFAIR COMPETITION (UNDER ILLINOIS COMMON LAW)

39.    True Value repeats the allegations of paragraphs 1-38 of this Complaint as if fully set forth herein.

40.    By engaging in the foregoing acts, Defendant has knowingly engaged in unlawful passing off and competed unfairly with True Value in violation of the common law of unfair competition in the state of Illinois.

41.    Defendant's Conduct as alleged herein constitutes misappropriation of valuable property rights of True Value and trading on the goodwill symbolized by GREEN THUMB® Mark, and is thereby likely to confuse and deceive members of the purchasing public as to the source of the True Value's goods and services as a result of Defendant's use of the infringing GREEN THUMB mark.  By virtue of Defendant's Conduct, Defendant has engaged in unfair competition in violation of the common law of the state of Illinois.

42.     Defendant's Conduct also constitutes intentional, willful, and reckless disregard of True Value's rights by Defendant and an attempt to trade on the goodwill which True Value has developed, all to the damage of True Value.

43.     As a result of Defendant's Conduct, Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to True Value.

44.     True Value has no adequate remedy at law.

45.     True Value is entitled to recover actual and punitive damages for Defendant's unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, True Value respectfully requests judgment against Defendant as follows:

A.     Find that Defendant has infringed True Value's GREEN THUMB mark in violation of federal law and has damaged True Value's goodwill by its conduct.

B.     Find that Defendant has unfairly competed with True Value by the acts complained of herein in violation of federal law.

C.     Find that the acts of Defendant constitute trademark infringement in violation of the common law of the state of Illinois.

D.     Find that the acts of Defendant constitute unfair competition in violation of the common law of the state of Illinois.

E.      Permanently enjoining and restraining Defendant and its respective

partners, agents, servants, employees and attorneys, and those persons in active

concert or participation with Defendant from:

1.      Using on or in connection with the production, manufacture,

advertisement, promotion, display (including on the Internet or in

any metadata) or otherwise, displaying for sale, offering for sale,

sale, or distribution of any product or service or for any purposes

whatsoever, the GREEN THUMB mark, or any other mark

confusingly similar to the GREEN THUMB mark.

2.      Representing by any means whatsoever, directly or

indirectly, or doing any other acts or things calculated or likely to

cause confusion, mistake or to deceive purchasers into believing that

Defendant's products or services originate with or are the products or

services of True Value or that there is any affiliation, sponsorship,

endorsement, association, or connection between True Value and its

products and services and Defendant and its products or services,

and from otherwise competing unfairly with True Value;

F.      Directing that Defendant, at its own expense, recall all the

marketing, promotional and advertising materials and edit any websites that bear or

incorporate any mark or design with GREEN THUMB not in conformance with

Section A(1) of True Value's Prayer For Relief, or any mark confusingly similar to

the GREEN THUMB mark, which has distributed, sold or shipped by it;

G.      Directing that Defendant deliver to True Value's attorneys or representatives for destruction all labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in its possession or under its control, bearing the non-conforming GREEN THUMB mark or any derivative mark or any simulation, reproduction, copy or colorable imitation of the GREEN THUMB mark, and all films, discs, plates, molds, matrices, and any other means of making the same.

H.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from forming any erroneous impression that any product or service promoted or provided by Defendant is authorized by True Value or related in any way to True Value's products or services.

I.      Directing Defendant to file with this Court and to serve upon True Value within thirty (30) days after service upon Defendant of an injunction in this action, a written report by Defendant, under oath, setting forth in detail the manner in which Defendant have complied with the injunction.

G.      Directing Defendant to file with this Court and serve upon True Value within a reasonable amount of time an accounting of profits which are attributable to the Defendant's wrongful actions.

H.      Awarding True Value as damages Defendant's profits from its sale of products and services or revenue generated through its products and services under the GREEN THUMB mark or derivatives of that mark.

I.      Awarding True Value all damages and other remedies permitted by common law, in an amount to be determined at trial.

J.      Awarding True Value all damages and other remedies permitted by 15 U.S.C. § 1117(a), trebled.

K.      Awarding True Value reasonable attorneys' fees and the costs of this action.

L.      Awarding True Value such further relief as this Court deems just and proper.

## JURY DEMAND

Under Fed. R. Civ. P. 38(b), True Value hereby demands a trial by jury on all issues triable as of right by a jury.

Date:  November 3, 2014

TRUE VALUE COMPANY
By its attorneys,

s/ Thomas R. Johnson
Thomas R. Johnson (Gen. Bar # 242032)
**MERCHANT & GOULD P.C.**
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215
Telephone:  (612) 332-5300